UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM O. CONNELLY,

    Petitioner,

v.

    Case No. 20-cv-1718-pp

COMMISSIONER OF INTERNAL REVENUE,

    Respondent.

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION TO QUASH (DKT. NO. 3) AND DISMISSING CASE**

On November 16, 2020, petitioner William O. Connelly filed a petition to quash a financial records summons issued to CIBC Bank US "in the matter of James & Christine Connelly" for the Form 1040 calendar periods ending December 31, 2011, and December 31, 2012. Dkt. No. 1 at 3. Because the petitioner paid the filing fee when he filed the petition, the court did not screen the petition at the time of filing. The petition explains that the IRS investigation involves the petitioner's parents and he asserts that he never received notice of the summons. Dkt. No. 1-1 at ¶8.

On January 15, 2021, the respondent filed a motion to dismiss the petition to quash under Rule 12(b)(6). Dkt. No. 3. To date, despite receiving three notices from the clerk's office to do so, the petitioner has not filed with the court his form indicating whether he consents to a magistrate judge having

1

the final authority to decide the case, nor has he responded to the motion to dismiss. The court will grant the motion to dismiss.

I.  **Respondent's Motion to Dismiss (Dkt. No. 3)**

The respondent filed the motion under Rule 12(b)(6), arguing that the petitioner lacks standing and that sovereign immunity bars the motion. Dkt. No. 4. The respondent does not distinguish between constitutional and prudential standing. See generally Bank of Am. Corp. v. City of Miami, 137 S. Ct. 1296, 1302 (2017) (distinguishing between constitutional standing and a plaintiff's need to satisfy "prudential" or "statutory" standing requirements). The respondent argues that the petitioner lacks standing to bring the motion because the statute does not allow it, dkt. no. 4 at 3-4, and absent a waiver of sovereign immunity, there is no relief this court can give him, id. at 5.

The Seventh Circuit Court of Appeals had the opportunity to address this issue, and began its analysis with a discussion of sovereign immunity. Barmes v. United States, 199 F.3d 386, 388 (7th Cir. 1999). The Seventh Circuit explained that an action to quash an IRS summons is a suit against the United States, requiring a waiver of its sovereign immunity. Id. Like the petitioner in Barmes, the petitioner here filed his case under 26 U.S.C. §7609. Section 7609 requires the IRS to serve anyone whose records are sought in a third-party summons with a notice copy of the summons. Any person entitled to a notice of summons may then file a petition to quash the summons. 26 U.S.C. §7609(b)(2)(A). The right to notice and to bring a proceeding to quash, however, does not apply to a third-party summons issued in the aid of collection "of an

2

assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. §7609(c)(2)(D)(i). "Therefore, if a summons 'is issued in aid of the collection' of a taxpayer's liability,' the United States has not waived its sovereign immunity." Haber v. United States, 823 F.3d 746, 750 (2d Cir. 2016).

The petition and the attached summons make clear that the IRS issued a summons for the purpose of collecting an assessed liability. The IRS issued the summons to CIBC Bank USA, 120 S. LaSalle St., Chicago, Illinois, and the summons plainly states that "[u]nder IRC 7609(c)(2)(d)(i), this summons is exempt from the notice requirements pertaining to third party summonses as it issued in the aid of collection." Dkt. No. 1 at 3. The law governing the procedures for third-party summons was attached to the financial records summons that the petitioner, through his attorney, attached to the petition. Id. at 5. It appears, then, that the petitioner received a copy of the law that applies and it clearly states that any person to whom a summons is issued may intervene to quash the summons *unless* that summons is issued in aid of collection. Id. As the Seventh Circuit explained in Barmes, it does not matter if the petitioner himself had been assessed a tax liability (rather than his parents) as long as the third-party summons is issued to aid in the collection of any assessed tax liability. See Barmes, 199 F.3d at 390.

The respondent submitted additional evidence in the form of a declaration of the issuing officer, Ryan Light, who is employed in the Small Business/Self-Employed Compliance Division. Dkt. No. 4-1. The court reviews

3

questions of statutory standing under Rule 12(b)(6) and not 12(b)(1). That means the court's review is limited to the pleadings. In re Fluidmaster, Inc., 149 F. Supp. 3d 940, 951 (N.D. Ill. 2016). The court will not consider the declaration.[1]

The court has considered the two cases that the petitioner cited, United States v. Powell, 379 U.S. 48, 57 (1964) and United States v. LaSalle National Bank, 437 U.S. 298, 318, n.18 (1978). Dkt. No. 1 at 1. Powell, which involved a suit brought by the government to enforce a summons, addressed the government's *prima facie* case. It did not address whether a taxpayer could initiate a motion to quash a third-party summons issued in aid of collection. See Jungle v. United States, 634 F. Supp. 585, 586 (N.D. Ill. 1986). The second case, LaSalle National Bank, discusses the enforcement of summons once the IRS abandons the civil investigation and the summons is issued for a criminal investigation. 437 U.S. at 313-318.

The court also considered the four arguments that the petitioner raised in the affidavit attached to his petition: (1) the requested documents have no legitimate purpose to the investigation; (2) the IRS may seek only relevant documents; (3) the IRS should have all documents from its investigation; and (4) all required administrative steps have not been followed. Dkt. No. 1-1 at ¶5. He further asserts that the enforcement of the summons violates his right to privacy. Id. at ¶6. These arguments do not show that the IRS issued the

---

[1] In any event, the declaration is not necessary where the petition itself makes clear that the summons was issued in aid of collection.

4

summons for some purpose other than in aid of collection. "It is perfectly reasonable that once the IRS has made an assessment it would start tracking the taxpayer's assets to identify assets it can collect from in the future and to ensure that the resources are not dissipated." Haber, 823 F.3d at 752.

Finally, the court notes that the petitioner filed his petition with the assistance of counsel but still failed to respond to three notices from the clerk's office regarding the magistrate judge consent form and failed to oppose the motion to dismiss. The court is dismissing for lack of jurisdiction, but even if it had jurisdiction, it would have had a basis to dismiss under Civil Local Rule 41(c) (E.D. Wis.) for lack of diligence because it appears the petitioner is not diligently prosecuting this action.

## II. Conclusion

The court **GRANTS** the respondent's motion to dismiss. The court **ORDERS** this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of July, 2021.

                                      **BY THE COURT:**

                                      **HON. PAMELA PEPPER**
                                      **Chief United States District Judge**